**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


**IN RE**: Joseph Nacarelli                                      Bankruptcy No. 26-10828


                    Debtor                                              Chapter 13


**AMENDED ORDER**


      AND NOW, this _____, day of _____, 2026, upon consideration of the Motion to Sell Real Property located at 85 Windover Drive, Gilbertsville, PA 19525, filed by the Debtor, upon notice to all interested parties, and any response thereto, it is hereby

      ORDERED, that Debtor is authorized to sell his real property located at 85 Windover Drive, Gilbertsville, PA  19525 ("Property), with all liens to be paid at closing, for the sale price of $620,000.00 (six hundred and twenty thousand dollars), pursuant to the terms of the agreement of sale dated May 11, 2026 to the Buyers thereunder, Emily Schilling Boggs and Tucker Berry Boggs ("Buyers), who have been represented to be purchasing the Property at arms-length.

      The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyers, shall be distributed in the approximate following manner:

1. Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters                                $450.00

2. Liens paid at closing                       $476,764.00

3. Real estate taxes, sewer, trash and/or other such items                        $0.00

4. Property Repairs                         $ 0.00

5. Real estate commission, at no greater than 45%    $27,900.00

| | |
|---|---|
| 6.  Attorney's fees | $0.00 |
| 7.  Pa Transfer Tax | $6,200.00 |
| 8. Other – Additional commission | $395.00 |
| Miscellaneous | $1,000.00 |
| HOA Documents | $450.00 |
| **Estimated total costs**: | $513,109.00 |
| **Estimated net proceeds**: | $106,891.00 |

This Order is contingent upon any mortgage lien(s) being paid in full at closing pursuant to a proper payoff quote obtained prior to and good through the closing date; or any short payoff  shall be approved by mortgagee; and Debtor shall have (90) days from entry of this Order to sell the property.

Upon receipt of payment, any creditor(s), paid at closing, shall either (1) withdraw, (2) amend or (3) file a praecipe to mark the proof of claim as satisfied.

Within 14 days of closing, if necessary, Debtor shall file a new Plan that conforms with the terms of this Order.

The title clerk shall email a completed HUD-1 or settlement sheet from the closing directly to *settlementsheet@phtrustee.com* immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed. Upon trustee approval, the title clerk shall fax a copy of the disbursement check to the trustee.

After payment of all liens in full and all costs of sale, the Title Clerk shall disburse all remaining funds to the Debtor.

The Title Clerk shall fax a completed Hud-1 or settlement sheet from the closing directly to the Trustee immediately upon the close of the settlement, and the Trustee shall promptly notify the title company of his approval.

Per Bankruptcy Rule 6004(h), the 14 day stay as to effect of this Order is hereby waived.

**ORDERED** that this Order shall constitute an order permitting the Debtor to make disbursements at or immediately after settlement as provided herein above.

BY THE COURT

Date:

_____
Honorable Derek J. Baker
U.S. Bankruptcy Judge